**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS KORB,

               Plaintiff,

v.

MAXMEDIA, INC.,                              CASE NO. 05-74154

               Defendant.         HON. MARIANNE O. BATTANI

_____/

MAXMEDIA, INC.,                              CASE NO. 06-11221

               Plaintiff,        HON. MARIANNE O. BATTANI

v.

MAXMEDIA WORKS LIMITED and THOMAS
KORB,

               Defendants.

_____/

## ORDER GRANTING MOTION TO CONSOLIDATE

      Before the Court is the parties' Joint Motion for Consolidation of Action filed in Case

No. 06-11221. The Court finds oral argument will not aid in the resolution of this motion.

See E. D. Mich. LR 7.1(2)(2).  For the reasons that follow the Court **GRANTS** the motion.

## I. BACKGROUND

      In Case No. 05-74154, filed on September 22, 2005, Thomas Korb alleges claims

of fraudulent inducement of employment, intentional infliction of emotional distress, breach

of employment contract, breach of the covenant of good faith and fair dealing, and

conversion and conspiracy to convert.  The matter was removed from Wayne County

Circuit Court and has proceeded in this Court since October 31, 2005.

On March 10, 2006, Case No. 06-11221, which was transferred from the United States District Court for the Northern District of Georgia, was assigned to the Honorable John Corbett O'Meara.  Thereafter, the parties filed their consent motion for consolidation of the two cases.  Because this Court has no authority to issue an order in a case assigned to another Judge, the Court issued an order striking the motion in Case No. 05-74154.

Case No. 06-11221 has been reassigned and the request for consolidation in that case remains pending.

## II.  STANDARD

FED. R. CIV. P. 42 provides:

**(a)  Consolidation.**  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

## III.  ANALYSIS

Upon review of the pleadings, the Court agrees with the parties that these cases should be consolidated pursuant to Rule 42(a), which permits actions involving common questions of law or fact to be consolidated for the economy and convenience of the court and of the parties.  Courts generally have "taken the view that considerations of judicial economy favor consolidation."  Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  Here, the Court, in its discretion, finds that the two cases involve common questions of law and fact and arise out of the same contract.  Each party alleges a breach by the other; each claims ownership of the same domain name.  Further, the same witnesses are

likely to be called, and consolidation will not unfairly delay progress in either case. Accordingly, these matters are hereby consolidated.  See  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1991).

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


Dated: August 9, 2006

**CERTIFICATE OF SERVICE**

A copy of this Order was mailed and/or electronically filed to Matthew J. Pulliam, Robert Johnson, and Delores Mayer on this date.


s/Bernadette M. Thebolt

Deputy Clerk